### LITTLE v. SEYMOUR & ROOL.

Appeal from the Circuit Court of St. Louis county.

1. A constable has no power to summon a jury to try the right of property attached. The act concerning attachments, (R. C. 1835, p. 85,) requires him to keep the property attached in his custody, unless the person in whose hands the same is found, or the owner thereof will give bond &c. that the property shall be forthcoming when &c. to abide the judgment in the cause.

2. If the constable suffers the property attached to pass out of his hands in an illegal proceeding he is clearly liable on his official bond.

3. No appeal lies from the decision of a jury summoned by a constable to determine the right of property between the claimant and defendant in the execution.

4. The only effect of the decision of the jury, in such case, is the justification of the constable in selling the property.

*Opinion of the court delivered by Tompkins Judge.*

On motion of the attorney of the appellants the circuit

court made an order to Benjamin F. McKenney a justice of the peace for the county of St. Louis before whom a suit between the present plaintiffs and the defendants in this cause had been pending to shew cause why he refused to allow an appeal upon a trial of the right of property attached by the constable, on motion of the plaintiffs. The justice failing to shew cause the rule was made absolute, and afterwards, by agreement of both parties, the justice made his return. The circuit court discharged the order and the plaintiffs appealed to this court.

It appears from the bill of exceptions that the plaintiffs Jesse and Freeman Little commenced a suit against the defendants Seymour and Bool by attachment. The constable levied the attachment on certain property of the defendants. Charles G. Seymour filed a plea of interpleader claiming the attached property as his own, and having withdrawn that plea the justice gave judgment for the plaintiff against James M. Seymour, one of the defendants, for the sum of fifty-nine dollars. The justice issued execution on the judgment against the attached property, the constable returned on his execution that the property attached was claimed by John Burrows and Jared Folger, and that a jury of six men had been impannelled by him, who found the property so attached to belong to said Burrows and Folger, and no other goods found. The plaintiffs Jesse and F. Little by their counsel made application to the justice to grant an appeal to the circuit court from the judgment of the said constable upon the trial of the right of property before him. The justice refused to grant the appeal. On this case, as above stated in the bill of exceptions, the proceedings above stated were had.

When goods are attached the constable must keep them in his custody unless the person in whose hands they are found or the owner thereof will give bond with good and sufficient security in double the amount of property conditioned that the same shall be forthcoming, when and where the justice shall direct to abide the judgment which shall be rendered in the causes. See sections 3, 4 and 5 of the 2nd article of the act concerning attachments p. 85 of the digest

NOV. TERM 1839.

Little
vs,
Seymour and Bool.

A constable has no power to summon a jury to try the right of property attached. The act concerning attachments, (R. C. 1835, p. 85,) requires him to keep the property at-

NOV. TERM
1839.

Little
v.
Seymour and
Bool.

of 1835. The constable had clearly no right to summon a jury to try the right of property which was attached in this cause, and he is liable on his official bond for suffering the property to pass out of his hands into the possession of Burrows and Folger. The 14th section of the 7th article of the law concerning justices courts page 367, of the digest of 1835 gives to the constable when he levies an execution on property claimed by another person than the defendant, power to summon a jury to try the right of property. But the property in question was attached, and by the express language of the act above cited was required to be kept subject to the judgment of the justice rendered in the cause. The constable then is liable on his bond for his illicit act in suffering the property to pass out of his hands notwithstanding the verdict, and it remains only to be enquired, whether the justice can grant an appeal from the judgment of the constable to the circuit court. To me this is a novel question. While at the bar I was engaged in many such trials before the sheriffs under a similar law and never heard of an appeal from such a judgment, I should rather call it the judgment of the jury. For the statute says the jury shall be the judges of the law and the fact. The only consequence of the finding of the jury is, that if they find the goods and chattels to be the property of the defendant in the execution, the verdict shall, as against the claimant justify the officer in selling such goods and chattels. The act of the constable in this case is clearly tortous and even if it had been legal no appeal lies. The proceeding is a creature of the statute; that statute gives no appeal. It would have been worse than useless to give an appeal. The practice has been (and I am not advised that its correctness was ever doubted) for the plaintiff in the execution when he thought the property belonged to the defendant to indemnify the officer, and order a sale. In such case the claimant, might sue either the constable or the plaintiff in the execution for damages, or both of them, or the purchaser of the goods.— It was contended in argument that the constable and his securities might be insolvent and in such case the plaintiff might loose his money. This would be hardship indeed. But

*tached in his custody, unless the person in whose hands the same is found or the owner thereof will give bond &c. that the property shall be forthcoming when &c. to abide the judgment in the cause.*

*If the constable suffer the property attached to pass out of his hands, in an illegal proceeding, he is clearly liable on his official bond.*

*No appeal lies from the decision of a jury summoned by a constable to determine the right of property between the claimant and defendant in the execution.*

*The only effect of the decision of the jury, in such case, is the justification of the constable in selling the property.*

NOV. TERM
1839.

Little
vs,
Seymour and
Bool.

this court must not make an illegal decision in order to prevent an injury to the plaintiff. If the property be yet accessible to an execution, I can see no reason for an appeal from the judgment, as it is called, of the constable in order to reverse his judgment, for it is as void as a blank piece of paper, and I know of no reason why application might not be made to the justice for another, except perhaps that the law considers the property attached to be still in the hands of the constable for the purpose of satisfying the first execution. On this head see the case of Baily vs. Gentry and wife, 1st volume of Mo. Dec. page 175.

By the 2nd section of the 2nd article of the act supplementary to an act to provide for the recovery of debts by attachment, approved 6th Feb. 1837, Burrows and Folgan might have interpleaded in the cause before execution was issued. But in the mode of proceedings by attachment they had no right to require the constable to try the right of property. The judgment of the circuit court is affirmed.